FILED 110
Honorable James M. Kelly Prosecuting Attorney Greene County Suite 206, Courthouse Springfield, Missouri 65802
Dear Mr. Kelly:
This opinion is in response to your question asking as follows:
 "May the presiding judge of the county court of a county of the first class not having a charter form of government and not containing all or part of a city having a population of five hundred thousand inhabitants, hold a second job during hours when the courthouse is not open?
 "If so, what effect and meaning do the words `shall devote his full time to the duties of his office' have as contained in Sec. 49.080 (2) RSMo as amended by Laws 1973? May office-holders of like counties described herein, whose offices are not covered by the above restriction, hold second jobs during hours when the courthouse is open?"
You further state:
 "It has come to the attention of this office that the presiding judge of the Greene County Court is employed by Drury College in Springfield, Missouri, as an instructor during the evening hours. At no time does he conduct such classes during what is considered normal courthouse business hours, i.e. 8:00 AM to 5:00 PM, Monday through Friday. There exists no known conflict at this time between his duties as presiding judge and duties as college instructor. The presiding judge is of the opinion that the words `shall devote his full time to the duties of his office' apply only to the hours of the day when the courthouse is open and is thus satisfied by working the normal 40 hour work week. If this view is correct, this office is concerned with the effect on other elected county officials in Greene County who are not covered by such a restriction, e.g. auditor, treasurer, associate county judges, and others. Are they part time employees of the county? May they hold a second job during hours when the courthouse is open?"
Subsection 2 of Section 49.080, RSMo Supp. 1975, provides that the presiding judge in counties of the first class not having a charter form of government and which do not contain all or a part of a city having a population of at least five hundred thousand inhabitants shall devote his full time to the duties of his office.
In our Opinion No. 130 dated March 22, 1966, to Sloan, we stated our conclusion with respect to a similar provision regarding juvenile officers. A copy of that opinion is enclosed and is self-explanatory. We believe that the same reasoning is applicable and that the opinion answers your first question.
We believe that our Opinion No. 85 dated January 4, 1938, to Stark answers your second question. A copy of that opinion is enclosed and is self-explanatory. It should be pointed out for clarification that this opinion quoted from the provisions of Section 18 of Article II of the 1875 Constitution of Missouri. Such section was omitted when the 1945 Constitution was enacted. However, the statutory provision now designated as Section 106.220, RSMo 1969, which provides that any county, city, town, or township officer, except such officers as may be subject to removal by impeachment, ". . . who shall fail personally to devote his time to the performance of the duties of such office, . . ." is subject to forfeiture of office is still applicable. In this respect see alsoState ex inf. Taylor v. Cumpton, 240 S.W.2d 877 (Mo.Banc 1951).
We also enclose Opinion Letter No. 87 dated May 6, 1976, to Lynn, which is self-explanatory.
In summary and in direct response to your question, we are of the view that the requirement of Section 49.080 that the presiding judge devote "full time" to the duties of his office does not mean that he may not hold any other position or engage in any other activity, but does mean that he cannot hold another position with conflicting work hours or engage in other activities which would impair his ability to faithfully perform his duties. Under the facts that you have given us, the individual apparently does devote his normal working day to his duties as presiding judge of the county court and apparently his work as an instructor at the college does not impair or interfere with his ability to faithfully perform his duties as presiding judge. In these premises, it is our view that the "full time" requirements of Section 49.080 are met. You have stated in your opinion request that the presiding judge holds the view that the "full time" requirement of the statute is met if he devotes forty hours per week to the performance of his official duties. We do not hold that the "full time" requirement of the statute is met if a presiding judge devotes only forty hours per week to his job if more than forty hours is required to properly perform the duties of the office.
Further, with respect to other county officers, it is our conclusion that such offices cannot be denominated "part time" positions because that would leave the inference that something less than proper performance of the duties of such offices is required. As we have noted, the law requires that county officers personally devote their time to the duties of their office and are subject to forfeiture of office if they do not do so. Such a requirement does not mean, however, that such officers need to devote all of their time to the offices they hold. They are required to do whatever is necessary for the proper performance of their duties. Clearly each case must be decided on its own merits.
CONCLUSION
It is the opinion of this office that a presiding judge of a county of the first class not having a charter form of government and not containing all or part of a city having a population of five hundred thousand inhabitants is required to devote his full time to the duties of his office under Section 49.080, RSMo Supp. 1975, but that such requirement does not mean that such officer is precluded from having other after-hours employment where such other employment does not conflict with, impair, or interfere with the performance of such officer's duties as presiding judge.
County officers do not hold "part time" positions. They are required by law to personally devote their time to the performance of the duties of their offices. However, consistent with this requirement and unless otherwise prohibited by law, county officers may occupy other offices and engage in other activities which are compatible and not in conflict.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosures: Op. No. 130 3-22-66, Sloan
 Op. No. 85 1-4-38, Stark
 Op. Ltr. No. 87 5-6-76, Lynn